## STATE ex KOBELT v BAKER et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17559. Decided March 18, 1940

Andrew J. Hagan, J. M. Braun, Cleveland, for relator.
H. G. Holland, Cleveland, for respondents.

### OPINION

By MORGAN, J.
The relator, Louis Kobelt, brings this action in mandamus to require the de-

fendants, trustees of the police relief fund of the City of Parma, and John M. Graham, the Treasurer of Parma, to replace the name of the relator on the rolls of the police relief fund and to cause to be issued a proper order directing the said treasurer to pay to the relator the accrued benefits to which he is entitled.

The case was tried on an agreed statement of facts from which it appears that on May 15, 1934, the relator was appointed a member of the police force of Parma, and on July 22, 1934, the relator sustained a fracture of the skull and other serious injuries, while in the performance of his duties as a patrolman.

On October 22, 1934, relator returned to active duty and worked intermittently with frequent sick leaves until November 2, 1936, when he was informed orally that he was relieved of active duty by reason of his disability and on November 15, 1936, his name was removed from the payroll.

The relator has never since been restored to active duty nor to the payroll of the City of Parma.

Pursuant to the authority granted by §4616-42 GC, inclusive, the Council of Parma on November 18, 1935, by proper legislation provided for the establishment of the police relief fund of Parma and a Board of Trustees for said fund, and said ordinance became effective December 22, 1935. Thereafter, a Board of Trustees of the police relief fund was duly appointed and qualified.

On January 11, 1937, the said Board of Trustees having found that the relator was rendered totally and permanently disabled and physically and mentally unable to perform active duty, granted the relator a full disability pension effective commencing January 2, 1937, whereby the relator was certified to be paid $100.00 per month and not less than $1200.00 per year, and he continued to receive said benefits until June 1, 1939.

On July 21, 1939, the said Board of Trustees passed a resolution instructing the Secretary of the Board,

"to write to Louis Kobelt that as far as this Board is concerned, that effective August 1st, 1939, his name would be withdrawn from the Parma Police Relief fund."

The relator contends that he was legally placed upon pension under rules in force at the time of his retirement and that his attempted removal from the police relief fund rolls is void.

In **State ex rel v Holmes, 5 Oh Ap 1,** where a writ of mandamus was filed by a former member of the police force of Cincinnati, alleging that his suspension from the pension roll was illegal, the court said on page 5:

"The Board of Trustees have no power or authority under the law or their rules to suspend Delaney's pension or to revoke the same. Their duties are and were purely ministerial."

This case was affirmed in **93 Oh St 480,** "on grounds stated in the opinion of the Court of Appeals, **5 Oh Ap 1.**"

No reason was assigned by the Board of Trustees for suspending the relator from the Parma police relief fund rolls, and it is virtually conceded by counsel for the defendants that the action of the trustees was void if the action of the board of trustees in granting the relator a full disability pension was legal. It is defendants' contention that at the time of the relator's retirement from the police force no rules of the trustees of the police fund were in force which authorized granting the relator a pension and therefore the action of the trustees of the fund on January 11, 1937, granting relator a full disability pension was illegal and void.

Counsel for relator contend that the relator continued to be a member of the police department of Parma until after January 2, 1937, and that the oral order of November 2, 1936, was not effective in removing him. The relator makes this claim on the ground that no written statement of the reasons for his removal was ever furnished him; that none of the statutory grounds for removal was ever charged against him,

and no such order was ever filed with the Civil Service Commission. In the view taken by the majority of this Court, it is unnecessary to decide this question because it is our opinion that the necessary rules of the trustees of the pension board were in effect at the time of the relator's retirement from the force, even if the relator be held to have been retired on November 2, 1936.

An examination of the minutes of the trustees of the police relief pension fund of Parma discloses that their first meeting was held on October 10, 1936, at which time the trustees organized and elected their officers. At this meeting the minutes state that,

"there was discussion about different pension set-ups of surrounding towns. It was agreed that all members of the Board try to get all the data possible by Thursday night, October 15th."

There was a second meeting of the Trustees on the evening of October 15, 1936, when a discussion of the pension rules was had, but no action was taken.

A third meeting of the trustees was held on October 17, 1936, when the minutes state that,

"There was a discussion of rules for the Board of Trustees, and By-Laws for the Board of Trustees."

At that meeting the "rules and by-laws were compared with rules and by-laws of the City of Cleveland, City of Lakewood, City of Garfield Heights." Also, "Rules 1 to 17 were read and temporarily accepted. By-laws from Sections 1 to 19 were read and temporarily accepted."

An important meeting was held on October 24, 1936, when the minutes disclose the following business was transacted:

"Section 20 of the by-laws was accepted. Section 21 was read and left for one of the members to secure some additional information regarding it. Section 22 was accepted with the provision that 'No one on pension shall

receive less than $100.00 per month or half of his current salarly, not be be less than $100.00.' "

Sections 23 and 24 were also accepted at this meting.

Section 22, which was accepted by the trustees on the evening of October 24th, 1936, is the rule under which the Board of Trustees proceeds in placing a policeman totally disabled on the pension roll, and is as follows:

"Section 22: Any member of the division of police, who becomes wholly incapacitated for duty by the reason of disease or injury, which in the opinion of the Board of Trustees entitled him or her to compensation, shall, after proper certification of such disability by the Police Surgeon, be placed upon the police relief roll at a rate of fifty (50) per cent of his or her salary; provided, however, that such amount of pension shall not be less than twelve hundred ($1200.00) dollars per year.

(a) Provided, however. that when it appears to the Board of Trustees that such retired member who has been retired in accordance with the provisions of Section 22, is physically and mentally able to perform active duty the Board shall cause such retired member to be examined by the Police Surgeon, who shall report the result of his examination to the Board. If the Police Surgeon shall certify that such member is able to perform active duty the Board shall then certify such facts to the Director of Public Safety and the Civil Service Commission with a recommendation that he or she be returned to active duty. If such member is then returned to active duty of the rank he or she held at the time of retirement, together with seniority rights, then his or her name shall be removed from the police relief roll.

(b). Whenever any member of the Division of Police becomes incapacitated for duty by reason of disease or injury the Police Surgeon shall notify the Board of Trustees in writing of such member's disability, describing the disease or injury and degree of permanen-

cy, thereof, and shall also notify such member of his action.

(c). Provided, that if any member of the Division of Police shall object to being retired on the ground that he is not disabled, but is able to perform his official duties, then such member in such case shall select one physician or surgeon of good repute and standing who, acting with the Police Surgeon, shall select another physician or surgeon of good repute and standing, and these three shall examine such member of the Division of Police and the finding of the majority of such three members shall be final as to the ability or inability at the time. of the member, so examined, to perform his full duty; and if found able, he shall be returned to duty."

It is interesting to note that the above section 22 is verbatim the same as Section 22 of the Rules and Regulations of the Police Pension Board of the City of Cleveland. It is set forth in full in the case of **State ex rel v City of Cleveland, 135 Oh St 13,** at page 15.

The minutes of the meeting of the trustees on October 31, 1936, states that,

"A letter was received from Dr. Schwartz relative to patrolman Kobelt's physical and mental condition."

Also,

"A motion was made by Mrs. McDonald that a copy of the letter be forwarded to the Safety Director and the Chief of Police, and requested that they take some action in this case until such time as the Board will be able to handle the same."

Then follows this important statement in the minutes:

"Review of all the rules and by-laws —agreeable to all members."

There cannot be much doubt but that the oral notification to the relator on November 2, 1936, that he was relieved of active duty by reason of his disability was based upon the letter of Dr. Schwartz which had been ordered sent to the Safety Director and the Chief of Police of Parma by the trustees of the police pension fund.

At the meeting of the trustees on December 30, 1936, the following appears in the minutes:

"Motion was made by Mrs. McDonald to accept Rule 2 as amended. Also Section 22 as amended. Seconded by Mr. Meese—All in favor. Motion by Mr. Meese to accept the rules and by-laws as they are, seconded by Mrs. McDonald—roll call. All in favor."

It is clear that Rule 22 was the important rule which authorized the placing of a polileman for a disability on the pension roll. It is equally clear that this rule was adopted by the trustees on October 24, 1936, prior to any retirement date of the relator from the police force of Parma.

On December 30, 1936. the trustees amended two minor provisions and then re-enacted the rules and the by-laws with "Rule 2 as amended,—also Section 32 as amended." This action does not indicate that the rules and by-laws which had been previously accepted had not been in force from the date of their first acceptance.

It is an important consideration in this case that the trustees, themselves, acted on the basis that the rules were in effect when first accepted. Otherwise, if this relator be held to have been retired from the police force on November 2, 1936, the action of the trustees on January 11, 1937, in granting the relator a full disability pension would have been illegal. If such had been the case then all the pension payments to the relator beginning with January 2. 1937, and ending on June 1, 1939, would also have been illegal. The trustees construe their action on Oct. 24, 1936, as having put into effect on that date Section 22 of their rules and no one can deny the right of the trustees so to construe their action on that date.

As confirming this conclusion, it is interesting to note that at the meeting

584

of October 17, certain rules by the minutes were "temporarily accepted." However, on October 24, 1936, the minutes show that Section 22 was "accepted" and there is no suggestion in the minutes that this acceptance of Section 22 was provisional or temporary. If Rule 22 is considered to have been accepted on October 24, 1936, and to have been in effect on November 2, 1936, when the relator was notified orally of his discharge, then the action of the Board of Trustees on January 11, 1937, placing the relator on pension can not be questioned. It is the opinion of the majority of this Court that Rule 22 was accepted on October 24, 1936, and was in effect from that date.

The prayer of the relator is granted.

TERRELL, PJ., concurs.
LIEGHLEY, J., dissents.